THOMAS LAWTON, Respondent, *v.* RUTHRAUFF & RYAN, INC., and Others, Appellants.

First Department, February 4, 1927.

Patents — action based on alleged misappropriation of· device invented by plaintiff on theory that defendants acquired knowledge through confidential relationship as advertising agency — complaint does not state facts sufficient to give State court jurisdiction.

A complaint, in an action to recover damages based on an alleged misappropriation of a device invented by the plaintiff, knowledge of which the plaintiff alleges the defendants obtained through a confidential relationship arising out of their connection with the plaintiff as the plaintiff's advertising agents, is not sufficient to give the State court jurisdiction, since it is without any allegations other than conclusions of law that there was a fiduciary relationship, that there was any misuse of confidential information, or that the defendants' patent covered substantially the device invented by the plaintiff.

APPEAL by the defendants, Ruthrauff & Ryan, Inc., and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of May, 1926, denying defendants' motion to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action, and also for want of jurisdiction of the subject-matter of the action, and on the ground of a misjoinder of causes of action and parties defendant, and also from an order entered in said clerk's office on the 1st day of July, 1926, denying defendants' motion for a reargument of the motion to dismiss the complaint.

*Neil P. Cullom* of counsel [*Gregory S. Rivkins* with him on the brief; *Neil P. Cullom*, attorney], for the appellants.

*DuBois J. Gillette* of counsel [*Hayes & Palmer*, attorneys], for the respondent.

PER CURIAM. The allegations of the complaint seek to charge the defendants with misappropriation of a device invented by plaintiff, knowledge of which came to them through their relationship as an advertising agent for plaintiff, and upon which they subsequently wrongfully, by the use of false affidavits, obtained a patent. ` If the defendants, in violation of a fiduciary relationship with the plaintiff, misused to their own advantage confidential information received from him and appropriated his device, the State court might have jurisdiction under *Underhill* v. *Schenck* (238 N. Y. 7). But this complaint is devoid of any allegations other than conclusions of law that there was a fiduciary relationship,. that there was any misuse of confidential information, or that the defendants' patent covered substantially the same device.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint upon payment of said costs.

Present — DOWLING, P. J., MERRELL, MARTIN and PROSKAUER, JJ.

Order entered on May 20, 1926, reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, and appeal from order entered on July 1, 1926, dismissed, with leave to the plaintiff to serve an amended complaint within twenty days from service of order upon payment of said costs.